Elizabeth D. Tate AZ Bar No. 032659
Elizabeth D. Tate Attorney at Law
2953 N. 48th Street
Phoenix, AZ 85016
Telephone (602) 670-4653
Fax (480) 935-3746
Attorney for Plaintiff Brandon Aldecoa

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Brandon Aldecoa, | ) Case No.: |
| Plaintiff, | ) |
| | ) **COMPLAINT** |
| vs. | ) |
| | ) **JURY TRIAL DEMANDED** |
| | ) |
| City of Chandler, a municipal corporation | ) |
| Officer Salvador Gallegos # 706, in individual capacity | ) |
| Officer Jose Hernandez # 367 in individual capacity, | ) |
| | ) |
| Defendants. | ) |

COMES NOW, Plaintiff, Brandon Aldecoa, by and through their attorney of record, Elizabeth Tate, and hereby submits his Complaint against Defendants, and each of them, and alleges as follows:

///

///

///

## NATURE OF THE ACTION

**1.** This is an action brought by Plaintiff for compensatory relief and damages against the City of Chandler and its police officers, Officer Salvador Gallegos, and Officer Jose Hernandez. These Defendants violated Brandon Aldecoa's, right to be free from excessive force under the Fourth Amendment and Fourteenth Amendment under the U.S. Constitution, through 42 U.S.C. Section §1983 pursuant to an unconstitutional policy and individual acts, committed negligence, assaulted, and battered, infliction intentional emotional distress upon Aldecoa.

**2.** The City of Chandler also violated Aldecoa's rights under the Americans with Disabilities Act, 42 U.S.C. § 12132 and the Rehabilitation Act, 29 U.S.C. § 794 and 794a when it shot and wounded, Aldecoa, a disabled individual, and failed accommodate Aldecoa's disability.

## PARTIES, JURISDICTION AND VENUE

**3.** At all times relevant hereto to this action, Brandon Aldecoa was living in Chandler, Arizona. Aldecoa suffers from bipolar a serious psychiatric condition. This disability was known to Defendants because Aldecoa had threatened to kill himself.

**4.** Aldecoa's condition was chronic/permanent and affected his major life activities of communicating with others, thinking clearly and periodically affected his will to live.

**5.** Always relevant hereto this action, Defendant Salvador Gallegos (hereinafter "Gallegos"), was a resident of Arizona and engaged in a policy of excessive force and committed negligence, battered and inflicted emotional distress upon Aldecoa.

**6.** Always relevant hereto this action, Defendant Jose Hernandez (hereinafter "Hernandez"), was a resident of Arizona and engaged in a policy of excessive force and committed negligence, battered and inflicted emotional distress upon Aldecoa.

**7.** Upon information and belief, always relevant hereto this action, the Defendant, City of Chandler, is a municipal corporation that has a police department established for serving and protecting residents of Chandler.

**8.** The City of Chandler is liable for the actions of its police officers, Defendants Gallegos and Hernandez who violated Plaintiff's Fourth and Fourteenth Amendment rights, negligently wounded, assaulted and battered and inflicted intentional and severe emotional distress upon Plaintiff.

**9.** The Defendant police officers were inadequately trained, inadequately disciplined and City of Chandler supervisors ratified their actions.

10. City of Chandler has a wide policy of failing to train its officers and failure to discipline including a failure to train and discipline the named officer Defendants.

11. City of Chandler had a duty under the Americans with Disabilities Act, and Rehabilitation Act as a public establishment, to make its services available to people with disabilities and to make reasonable accommodations for such persons.

12. City of Chandler receives financial assistance or funding from federal government programs.

13. All events alleged herein occurred within Maricopa County in the State of Arizona.

14. This Court has personal jurisdiction over the parties based upon the foregoing facts.

15. This Court has subject matter jurisdiction for all the claims herein because all arise from federal statutes, as provided by 28 U.S.C. 1331 and 28 U.S.C. 1343(a) (3,4). The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. 1367(a).

16. This District Court (Phoenix Division) is the proper venue for this action pursuant to 28 U.S.C. 1391(b) (1,2).

**FACTUAL ALLEGATIONS**

**17.** On September 17, 2021, Brandon Aldecoa was at the Hyatt Place Hotel at 3535 W. Chandler Boulevard with his girlfriend, Mariah. Aldecoa and Mariah began to argue, and someone called the police. The party who called 911 informed the dispatcher that Aldecoa was armed and planning on committing suicide by cop.

**18.** Officers Hernandez and Gallegos arrived without the assistance of a crisis assessment team. Hotel manager, Tom, pointed the officers in the direction that Aldecoa ran.

**19.** Aldecoa ran to his black Avalanche pickup truck. The Avalanche truck bed was covered. Aldecoa opened the truck lid but could not open it completely. Aldecoa climbed in the bed of the pickup truck to hide.

**20.** Having been informed by the manager of the direction that Aldecoa ran, Hernandez found Aldecoa easily who was hiding in the bed of the pickup truck with the truck lid partially ajar.

**21.** Aldecoa popped up from the truck bed, pointed his gun to his head and said, "I am going to kill myself". Hernandez made no effort to deescalate did not issue a warning for Aldecoa to drop Aldecoa's weapon and immediately opened fire on Aldecoa and called to Gallegos.

**22.** Officer Gallegos joined Hernandez in riddling the area of the pickup truck where Aldecoa was hiding with gunfire. Justifiably, Aldecoa feared for his life.

**23.** Aldecoa understood that the only way to get Hernandez and Gallegos to stop firing their guns at him was to discharge his weapon up into the air. Aldecoa did not aim his weapon and the officers, discharged in into the air and the officers stopped shooting at him and ran for cover.

**24.** Hernandez and Gallegos badly wounded Aldecoa with gunshots. One of the bullets lodged in Aldecoa's head. Aldecoa threw his weapon down and Officers Hernandez and Gallegos came to him to render first aid.

**25.** While rendering first aid, Hernandez or Gallegos said, "I wish I would have killed him". Paramedic then transported Aldecoa to Dignity St. Joseph Hospital. The incident was captured on police body cam.

**26.** The 911 operators did not dispatch a crisis assessment team, nor did Hernandez and Gallegos request one in violation of their duties to assist Aldecoa, a disabled citizen in crisis who needed mental health intervention.

**27.** Rather than deescalate the situation by ordering Aldecoa to drop his gun and deescalating Aldecoa with their training or summoning a crisis intervention counselor, Defendants enflamed the situation by riddling Aldecoa with bullets.

**(Count 1, 42. U.S.C. § 1983 - Unlawful Arrest, Excessive Force in violation of the Fourth and Fourteenth Amendments) As to all Defendants**

28. Plaintiff incorporates by this reference each allegation previously made in this Complaint, as if fully set forth herein.

29. The individual Defendants to this claim, always relevant hereto, were acting under the color of state law in their capacities as City of Chandler police officers and their acts and omissions were conducted within the scope of their official duties or employment.

30. At the time of the complained of events, Aldecoa had a clear constitutional right under the Fourth Amendment to be secure in his person without Defendant police officers using excessive force against him because he had not expressed an intention to hurt them.

31. Aldecoa also had a clear constitutional right under the Fourteenth Amendment to be free from the use of excessive force and be afforded due process. The Defendants knew or should have known these rights at the time of the complained of conduct as they were clearly established at the time.

32. Defendants' wounding of Aldecoa, as described herein, was objectively unreasonable considering the facts and circumstances confronting them and violated the Fourth Amendment because Aldecoa was not intent on hurting them.

33. Defendants' actions, to wound Aldecoa, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights.

34. Defendants Hernandez and Gallegos escalated the situation by riddling Aldecoa's body with bullets instead of retreating to call a crisis assessment team.

35. The Defendants Hernandez and Gallegos, knowing no they had no right to shoot Aldecoa without issuing warnings, violated Plaintiff's constitutional rights to wound Aldecoa without legal justification as Aldecoa expressed no intention to harm them.

36. Defendants failed to take reasonable steps to protect Aldecoa from excessive force despite being able to do so and therefore each are liable for the injuries and damages resulting from the unreasonable and conscience shocking wounding by each Defendant.

37. City of Chandler is liable for the actions of its police officers' violation of Aldecoa's Fourth and Fourteenth Amendment rights for excessive force employed against Aldecoa.

38. The Defendant Officers acted pursuant to a policy of failure to train officers in mental health and failure to discipline officers that employ excessive

force thereby emboldening the officers and other officers like them to commit constitutional violations.

**39.** Further, upon information and belief, the Officers' supervisors with final policymaking authority reviewed the Officers' acts in an excessive force report and ratified the officers' actions as being acceptable policing thereby creating a policy of excessive force for the City of Chandler.

**40.** The acts and/or omissions of the Defendants were the moving forces behind Howard's injuries.

**41.** As a direct and proximate result of Defendants' unlawful conduct, Aldecoa was severely injured and sustained damages and losses as described herein entitling him to compensatory and special damages in amounts to be determined at trial. As further result of the Defendants' unlawful conduct, Plaintiff is entitled to general damages in amounts to be established at trial.

**42.** In addition to compensatory, economic, consequential, and special damages, Plaintiff is entitled to punitive damages against Defendants Hernandez and Gallegos under 42 U.S.C. § 1983, in that the Officer Defendants acted maliciously, willfully or with reckless or wanton disregard of the constitutional rights of Plaintiff.

**(Counts 2 and 3, Violations of 42 U.S.C.S. § 12132 and the Rehabilitation Act and Failure to Train as to Defendant City of Chandler)**

**43.** Plaintiff incorporates by this reference each allegation previously made in this Complaint, as if fully set forth herein.

**44.** Plaintiff was a qualified individual with a disability to wit: bipolar who was subjected to disability discrimination by City of Chandler police officers.

**45.** The Defendant denied Plaintiff's reasonable accommodation of arranging for treatment of Aldecoa's mental health because of Aldecoa's disability.

**46.** The officers' failures resulted in Aldecoa who did not threaten the officers being wounded by the Defendant police officers. The Defendant City of Chandler's officers' actions were malicious and/or involved reckless, callous, and deliberate indifference to Howard's federally protected rights.

**47.** Aldecoa was a City resident of with a disability and was qualified, to receive the City of Phoenix police services (to protect lives) and was denied these services (to protect life) by reason of his disability.

**48.** The Defendant police officers failed to make a reasonable disability accommodations and had an opportunity to do so, those failures resulted in Aldecoa's severe wounds.

**49.** Aldecoa displayed evidence of his disability by threatening harm to himself that should have been immediately alerted the police officers that they needed to get Aldecoa mental health treatment. They had the means to do so, by employing the qualified mental health counselors that City of Chandler keeps

on staff from the moment of the 911 call and/or dispatch a crisis assessment team to the hotel.

50. Defendant City of Chandler officers failed to accommodate Aldecoa's disability, in that the officers had both the time and opportunity to evaluate the situation and employ the accommodations above and de-escalate matters rather than enflaming them by opening. Because the Defendant Officers knew or should have known of Plaintiff's disability and did not reasonably accommodate him, the City of Chandler is liable.

51. Defendant City of Chandler failed to professionally train their police officers deescalate matters for mentally ill individuals, such as Aldecoa, to get individuals such as Aldecoa to treatment.

52. Such failure resulted in discrimination against Aldecoa. Defendant City of Chandler failed to properly, train its police officers to recognize symptoms of disabilities, and failed to modify its police policies, practices, and procedures to prevent discriminatory treatment of the disabled, such as Aldecoa.

53. The City of Chandler is a public entity charged with the responsibly under Title II of the Americans with Disabilities Act and Rehabilitation Act to comply with public anti-discrimination laws, and to professionally train the Defendant police officers to reasonably accommodate the Plaintiff's disability.

**(Count 4, Negligence) as to each Defendants**

**54.** Each Defendant in their roles of law enforcement had a duty to conform themselves to a standard of care to appropriately respond to requests for about mentally ill citizens such as Aldecoa.

**55.** In addition, each Defendant had the duty of community caretaking functions to protect the lives of the citizens of Chandler, to protect Aldecoa's life.

**56.** Defendant City of Chandler allocated resources and had programs such as mental health counselors and crisis assessment teams to address the need of citizens such as Aldecoa.

**57.** Each Defendant had a duty to access those mental health services for Aldecoa on the night Defendants wounded Aldecoa.

**58.** Defendants breached their duties to Aldecoa, a mentally ill citizen in need of the City of Chandler services by denying Aldecoa such services as described above.

**59.** Each Defendant breached its duty to Aldecoa when they wounded him.

**60.** As a direct and proximate result of Defendants' unlawful breach, Aldecoa suffered actual physical injuries and other damages and losses as described herein thereby entitling him to compensatory and general damages in amounts to be established at trial.

**(Count 5, Assault and Battery) as to all Defendants**

**61.** Plaintiff incorporates by this reference each allegation previously,

made in this Complaint, as if fully set forth herein.

**62.** The Defendant Officers fired at Aldecoa placing Aldecoa in apprehension of physical harm.

**63.** The Defendant Officers inflicted pain and serious injury to Aldecoa's body.

**64.** Defendant City of Chandler is the employer of Defendants and is responsible for the defendant officers' actions under the legal theory of respondeat superior.

**65.** As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered actual physical injures and other damages and losses as described herein entitling his estate to compensatory and general damages in amounts to be established at trial.

**(Count 6 Intentional Infliction of Emotional Distress) as to all Defendants**

**66.** Plaintiff incorporates by this reference each allegation previously, made in this Complaint, as if fully set forth herein.

**67.** The Defendant Officers acted intentionally or recklessly by firing at Aldecoa without warning.

**68.** Defendants actions were extreme and outrageous because Aldecoa expressed no intention to harm the officers and cannot be tolerated by a civilized society.

**69.** The Defendant Officers inflicted serious emotional distress upon Aldecoa and did cause serious emotional distress on Aldecoa who believed that he had been mortally wounded.

**70.** Defendant City of Chandler is the employer of Defendants and is responsible for the defendant officers' actions under the legal theory of respondeat superior.

**71.** As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered actual physical injuries and other damages and losses as described herein entitling him to compensatory and general damages in amounts to be established at trial.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all his claims, pursuant to the U.S. Constitution's Seventh Amendment and the Federal Rules of Civil Procedure Rule 38 (a,b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff reserves the right to amend this Complaint at the time of trial to include all items of damages not yet ascertained, prays judgment against the Defendants, and each of them, as follows:

1. An order awarding Plaintiff actual and compensatory damages from COP for violations of civil rights, disability discrimination and restitution in an amount according to proof at time of trial;

2. An order awarding Plaintiff actual, punitive, and compensatory damages in compensation for violation of civil rights, IIED, negligence, and assault and battery.  Plaintiff does not seek punitive damages against Defendant City of Chandler;

3. An order awarding Plaintiff's reasonable attorney's fees and costs;

4. An order awarding Plaintiff prejudgment interest according to proof; and

5. For such other and further relief as the Court deems just and proper.

DATED this September 12, 2022.

By: /s/ Elizabeth D. Tate
_____
*Attorney for Plaintiff*